Pamela Marie RICHARDSON and Earl Simmons, on behalf of themselves and all those similarly situated, Plaintiffs,

v.

RESTAURANT MARKETING ASSOCIATES, INC., Defendants.

No. C 77–0768 CFP.

United States District Court,
N. D. California.

Dec. 11, 1978.

Dayley & Blumin, Oakland, Cal., Lawrence W. Schonbrun, Berkeley, Cal., for plaintiffs.

Robert T. Fries, Steinhart, Goldberg, Feigenbaum & Ladar, San Francisco, Cal., for defendant.

Grant G. Moy, Jr., Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., for third party defendant.

Murphy & Storey, Phoenix, Ariz., for defendant and third party plaintiff.

## ORDER DENYING PLAINTIFFS' CLASS CERTIFICATION MOTION

POOLE, District Judge.

This is an action alleging racial discrimination in employment in violation of Title VII and 42 U.S.C. § 1981. Plaintiffs have moved this Court to certify a class in the above-captioned action which is defined as follows:

"All persons at any of defendant Restaurant Marketing Associates, Inc.'s facilities who have been denied in the past, are being denied in the present, or will be denied in the future, equal employment opportunities in hiring, promotion, training, discipline, compensation, termination and other terms and conditions of employment on the grounds of their race and ethnic background; all persons at any of defendant's facilities who have been denied in the past, are being denied in the present or will be denied in the future the benefits of a work environment that is conducive to interracial and inter-ethnic harmony and that is free from employer policies and practices of racial and ethnic-based discrimination; and all persons at any of defendant's facilities who have been denied in the past, are being denied in the present or will be denied in the future, equal employment opportunities in hiring, promotion, training, compensation, termination and other terms and conditions of employment due to their opposition to defendant's policies and practices of discrimination against racial and ethnic minorities."

The motion is brought by the plaintiffs Pamela Marie Richardson, a white female formerly employed by defendant between March 1975, and March 1976, as a department head (dining services director), and Earl Simmons, a black male formerly employed by defendant during 1975 as a delicatessen worker. Both plaintiffs were employed by defendant at the Bank Exchange Restaurant in San Francisco, a facility which is no longer managed by the defendant. Plaintiff Richardson alleges that she was discharged in retaliation for her complaints about the defendant's alleged racially discriminatory practices; plaintiff Simmons alleges that he was discriminated against and terminated on account of his race. Both plaintiffs' allegations revolve around the conduct of Mr. Billie Brooks, the manager of the Bank Exchange Restaurant, who is no longer an employee of defendant. Defendant currently manages facilities in six other states.

■ Initially, it appears that plaintiff Richardson's claims are unique inasmuch as the class certification showing offered by plaintiffs contains no other factual allegations of retaliation. Richardson's claim is essentially personal since the only references thereto in the complaint involve conduct by Brooks at the Bank Exchange Restaurant. Plaintiff Richardson is not an adequate representative of the purported class and general discriminatees since she only claims retaliation.

■ Plaintiffs have simply failed to show by factual allegations the existence of a class of employees who have been retaliated against by the defendant as a result of their protestations against alleged discriminatory practices. In any event, it does not appear that the numerosity requirements of Rule 23 can be met even if there may be others who suffered retaliation.

■ Plaintiff Simmons' claim is that he was terminated by Mr. Brooks and subsequently not rehired solely because of his race. Although the complaint states a potential claim of unjustifiable termination due to racial discrimination as to Simmons, neither the complaint nor the showing offered by plaintiffs in support of certification establishes by factual averment, by statistical inference, or otherwise, that there exists a nationwide class of persons who were similarly terminated. Nor does

the record presented to this Court establish that there exists a class of persons nationwide who were not rehired on account of their race subsequent to a racially motivated termination.

In any event, there appear no factual allegations in the record before this Court that either form of discrimination allegedly inflicted on plaintiff Simmons was also practiced at any of defendant's other six facilities; all allegations relate only to the Bank Exchange Restaurant in San Francisco and to its previous manager, Mr. Brooks.

While plaintiff Simmons need not have suffered all the various modes of discrimination which may have been inflicted upon the purported class, this Court is charged, prior to certification, with ascertaining whether plaintiffs' claims show commonality and typicality with those of the class members. Upon such an examination, it appears that the claims of the named plaintiffs are by their very characterization unique and personalized, unsupported by factual allegations sufficient to allow this Court to conclude that there are class claims and that these plaintiffs are adequate class representatives. Plaintiffs need not establish with evidence a prima facie class case, but they must produce sufficient factual allegations to enable this Court reasonably to permit the action to continue as a class action under Rule 23. See *Harriss v. Pan American World Airways, Inc.,* 74 F.R.D. 24, 39, 42–46 (N.D.Cal. 1977); *Lim v. Citizens Savings & Loan Ass'n,* 430 F.Supp. 802 (N.D.Cal.1976). Plaintiffs' only factual information bearing on the certification motion (other than the complaint) consists of a statistical breakdown of the defendant's employees, which at best supports an inference of under-representation in upper echelon jobs and a possible discrimination in the hiring practices with respect to those upper job categories. In any event, such hiring discrimination is not alleged by the two existing plaintiffs, one of whom falls within the upper echelon in plaintiffs' job breakdown, thus weakening the semblance of commonality of law and fact or adequate representation

with the purported class. Furthermore, the evidence does not support a conclusion of numerosity as to plaintiff Simmons and any supposed class of persons who were similarly not rehired; in fact, if Simmons' claim has any class support, the joinder of all persons so situated would not appear impracticable. In sum, the claim of plaintiff Simmons and the related class averments fail to meet the requirements of Rule 23 with respect to numerosity, commonality and adequacy of representation vis-a-vis Simmons' job status as a former upper echelon employee at a facility which is no longer operated by defendant.

It is noted that plaintiffs have provided no allegations whatsoever tending to establish discrimination in promotion, training, compensation, and the "other terms and conditions of employment" as alleged in the class definition. Additionally, inasmuch as both plaintiffs are former employees at a location no longer operated by the defendant, this Court must acknowledge the absence of possible injunctive relief available to the named plaintiffs as contrasted with the desirability of granting injunctive relief as to those persons currently employed by defendant, who would theoretically comprise the purported class, who would be without adequate representation. This Court has previously expressed concern as to the propriety of maintaining a nationwide class action by the two named plaintiffs who are no longer employees of defendant, in a district in which the defendant no longer does business, and in which none of the myriad array of documentary and other evidence necessary to the prosecution of this action is to be found. Finally, this Court is faced with the pragmatic problems posed by allowing two former employees who were terminated almost three years ago, under rather unique facts, to litigate on behalf of and thereby bind all past, present, future and potential employees of defendant throughout the nation, without a preliminary factual showing that there exist class claims, that the named plaintiffs share the typical factual and legal nexus envisioned by the Rule, that joinder is im-

practicable, and that the named plaintiffs are adequate class representatives.

Plaintiffs' motion for class certification having been presented to the Court, counsel for both parties having appeared at a hearing on the motion held August 11, 1978, and the Court having reviewed the supporting documents and supplementary memoranda subsequently filed by the parties, and the Court having found the requirements of Federal Rule of Civil Procedure 23 lacking, as more fully set forth above;

IT IS ORDERED that plaintiffs' motion for class certification be, and the same hereby is, denied.